IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **MARK DEES and CLAIRE DEES,** | : | |
| | : | |
| Plaintiffs, | : | |
| | :: | Civil Action No. |
| v. | : | 3:10-CV-0045 (CAR) |
| | : | |
| **WASHINGTON MUTUAL BANK** | : | |
| **AND JP MORGAN CHASE BANK** | : | |
| **NATIONAL ASSOCIATION,** | : | |
| | : | |
| **Defendants.** | | |

**ORDER ON MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss [Doc. 2]. This case arises out of a real estate closing transaction that occurred on December 5, 2003, wherein Plaintiffs Mark and Claire Dees ("Plaintiffs") executed a promissory note and security deed in favor of Defendant Washington Mutual Bank ("WaMu"). The note is secured by an interest in real property located at 1009 Windsor Drive, Monroe, Georgia 30656. Defendant WaMu, a casualty of the declining economy, failed in September of 2008. Defendant JP Morgan Chase ("Chase") thereafter acquired certain assets from the Federal Deposit Insurance Corporation as Receiver for WaMu and, in doing so, succeeded by operation of law to WaMu's rights and interests in the note and deed at issue. Thus, when Plaintiffs defaulted on the loan in early 2010, Chase initiated foreclosure proceeding on the property.

Plaintiffs, acting pro se, filed this action on May 28, 2010, in the Superior Court of Walton County for the State of Georgia asserting claims of fraud, wrongful foreclosure, unjust enrichment, and rescission. Plaintiffs claim that WaMu's securitization and sale of the note to Chase without Plaintiffs' consent at closing constituted fraud and that Chase has no rights under the note and deed.

1

Shortly after Plaintiffs' Complaint was filed in the state court, Defendants removed the action to this Court and then filed the this Motion to Dismiss. Plaintiffs, however, failed to file any response to the motion. This Court accordingly entered an order [Doc. 7] advising Plaintiffs to respond and extending the time for filing a response. The time for response has now past, and as of this date, Plaintiffs have still not filed a response to either the motion or to this Court's Order. Under the circumstances, the Court can only conclude that the Motion is unopposed and that Plaintiffs have waived the right to be heard in opposition to same.

The Eleventh Circuit Court of Appeals appears to have been silent on whether the district court is required to address the merits of an unopposed motion to dismiss. However, "[a] number of federal courts have declared that a motion to dismiss may be properly granted under these circumstances without reaching the merits, based on the theory that (i) plaintiff's failure to respond operates as a concession that the motion should be granted, or (ii) dismissal is appropriate as a sanction for failure to prosecute or to obey the court's orders." Anderson v. Greene, 2005 WL 1971116, *2 (S.D. Ala. Nov. 12, 2009) (unpublished) (citing Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294-95 (D.C. Cir.2004); Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir.2004); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991)).

This Court has previously granted a motion to dismiss under Fed.R.Civ.P. 41(b), for failure to prosecute or to obey a court order, when the plaintiff failed to respond to a motion, and more importantly, failed to respond to the motion after the Court ordered the plaintiff to respond. See DeBerry v. GMAC Mortg., LLC, 2010 WL 2196655, *1 (M.D. Ga. May 27, 2010) (Slip Copy). Dismissal under Rule 41(b) for disregard of a court order is generally not an abuse of discretion, especially when the plaintiff has been forewarned. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989). Plaintiff's pro se status is no excuse for ignoring orders of this Court. See id. at 839 n.5.

"When facing a court order with which a litigant believes he is unable to comply, even a non-lawyer should realize the need to communicate with the court timely, directly and particularly explaining his inability to do what the court has ordered." See id. (quotation marks and citation omitted).

Despite the clear authority for dismissing this action, the Court must also give due regard to Boazman v. Economics Lab., Inc., 537 F.2d 210, 213 (5th Cir.1976), binding authority from the United States Court of Appeals for the Fifth Circuit,[1] which suggests that a plaintiff's failure to respond to motion to dismiss and subsequent failure to respond after an express order to do so were insufficient grounds for dismissal with prejudice. Dismissal with prejudice is an "extreme sanction" and "is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1338-39 (11th Cir.2005). In such cases, "[t]he district court must make findings satisfying both prongs of this standard before dismissal as a sanction under Rule 41(b) is appropriate." Calloway v. Perdue Farms, Inc., 313 Fed. Appx. 246, 249 (11th Cir. 2009) (unpublished). Simple negligence in failing to respond is not sufficient to warrant dismissal with prejudice, and the district court must consider the appropriateness of lesser sanctions. Id.

In this case, the Court finds that Plaintiffs' failure to respond is wilful. The docket in this case indicates that Plaintiffs called the Court to inquire about the status of the case on August 10, 2010. At that time, Plaintiffs informed the docket clerk that they no longer resided at the address listed on the certificate of service attached to the motions and that they had not received copies of the motions filed by Defendants. That same day, the clerk certified that a copy of Defendants'

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

Notice of Removal [Doc. 1], Motion to Dismiss [Doc. 2], Motion to Stay Certain Pre-Trial Deadlines [Doc. 3], Corporate Disclosure Statement [Doc. 4], and any attachments were mailed to Plaintiffs at the corrected address. The deadlines to respond to the pending motions were then reset; responses were due in early September.

Now, more than three months later, Plaintiffs still have not filed a response to either motion. The Court granted Defendants' Motion to Stay Certain Pre-Trial Deadlines by text order on October 13, 2010 and, as discussed above, entered an order advising Plaintiffs to respond to the pending Motion to Dismiss on October 19, 2010. The Court's Order explicitly informed Plaintiffs that "FAILURE TO RESPOND TO THE MOTION TO DISMISS MAY RESULT IN THAT MOTION BEING GRANTED. There would be no trial or any further proceedings." Order, Oct. 19, 2010. Plaintiffs were then advised "to file a response to Defendants' motion within twenty-one (21) days from the date of this Order." Id. Again, that deadline has come and gone, and still no response has been filed. Plaintiffs have not otherwise contacted this Court regarding the Motion to Dismiss or the Order to Respond.

This case could accordingly be dismissed pursuant to Rule 41. However, considering the severity of a dismissal sanction, the Court finds that the best course of action may be to also address the merits of Defendants' motion. That said, this Court "is under no duty to exercise imagination and conjure" about what Plaintiffs "might have alleged, but did not." Anderson v. Greene, 2005 WL 1971116 at *2. Plaintiffs' decision not to proffer argument or authority in response to the Motion to Dismiss was thus made at their peril. See id.

In support of their motion, Defendants assert that dismissal is warranted on both substantive and procedural grounds. Defendants claim that Plaintiffs cannot, as a matter of law, maintain a claim of fraud or wrongful foreclosure, and as a result, Plaintiffs' additional claims of unjust enrichment

4

and recision fail as well. Defendants also claim that Plaintiffs' Complaint is due to be dismissed because Plaintiffs failed to perfect service on Defendants as required by O.C.G.A. § 9-11-4.

Having considered the matter, the Court agrees that the Complaint is due to be dismissed on procedural grounds. Accordingly, the merits of the remaining arguments need not be considered or addressed. In fact, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir.1990). It is therefore reversible error for a district court to address the merits of a cause of action when the plaintiff has failed to properly effect service of process. See Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182-83 (11th Cir. 2007) ("Because [plaintiff] failed to serve defendants properly, we find that this case should have been dismissed without prejudice. It was, therefore, improper for the district court to have reached the merits in this case and to have issued a dismissal with prejudice.") (internal citation omitted)).

In this case, Plaintiffs' defective service of process occurred while the case was still pending in the Superior Court of Walton County, Georgia. However, the Court "may consider the sufficiency of process after removal and does so by looking to the state law governing process." Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n. 1 (11th Cir.1985) (per curiam). Under Georgia law, the summons and complaint must be to be served together. O.C.G.A. § 9-11-4(e). The summons must (1) be signed by the clerk; (2) contain the names of the court, county, and parties; (3) be directed to the defendant; (4) state the name and address of the plaintiff's attorney or the plaintiff; (5) state the statutory time limit in which the defendant must appear; and (6) inform the defendant that if he does not appear, default judgment may be rendered against him. O.C.G.A. § 9-11-4(b). When "the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state" then "the

5

president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof" must be personally served with the complaint and summons. O.C.G.A. § 9-11-4(e)(1). Alternatively, the Georgia Civil Practice Act allows for a waiver of summons. To "serve" in this manner, the plaintiff must send a request for a waiver, in writing, to the defendant or the defendant's agent authorized to receive service of process for the defendant, and the defendant must agree in writing to waive service. O.C.G.A. § 9-11-4(d).

In this case, Plaintiffs clearly failed to comply with Georgia's law governing the service of process. From the record, it appears that Plaintiffs never attempted to serve Defendant WaMu. Defendant Chase further shows that Plaintiffs' only effort at service of process was to simply fax a copy of the Complaint and summons to the offices of McCurdy & Chandler, LLC. McCurdy, however, is not Chase's registered agent and is not otherwise authorized to accept service on Chase's behalf. Defendants were not otherwise served with any documents in this action and have not waived service; nor do Plaintiffs contend that Defendants waived service.

Even if Defendants had been personally served in this case, the summons prepared by Plaintiffs also fails to comply with O.C.G.A. § 9-11-4(b). It does not contain the Plaintiffs' address as required by the statute, and Defendants were forced to erroneously assume that Plaintiffs' proper address was that of the real property at issue. This accounts for Plaintiffs' subsequent complaint that they had not receive any copies of the motions filed by Defendants. Defendants were not put on notice of Plaintiffs actual address until Plaintiffs contacted the Court.

The fact that Defendants apparently received actual notice of this lawsuit "does not obviate the need for proper service." KMM Indus., Inc. v. Prof'l Ass'n, Inc., 164 Ga. App. 475, 475, 297 S.E.2d 512, 513 (1982); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir.2007) (A defendant's actual notice is not sufficient to cure defectively executed service."). While the Court is required

6

to give liberal construction to the pleadings of pro se litigants, pro se parties are nevertheless required to conform to procedural rules. Id. The Court therefore concludes that based upon the present record, Plaintiff failed to perfect service in accordance with Georgia law prior to Defendants' removal of the case to this Court.

Plaintiffs' failure to perfect service prior to removal does not end the Court's inquiry, however. "Although the district court must look to state law to ascertain whether service was properly made prior to removal, this does not foreclose service being effected in the district court." Igbinigie v. Wells Fargo Bank, N.A., 2008 WL 4862597, *2 (M.D. Ga. Nov. 10, 2008) (unpublished) (citing Freight Terminals, Inc. v. Ryder Sys., Inc., 461 F.2d 1046, 1052 (5th Cir.1972). Thus, "[n]otwithstanding [a] deficient attempt at service of process under state law, Plaintiff[s] may still perfect service after removal, under the provisions of federal law:

> In all cases removed from any State court to any district court ... in which the service [of process] has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448." Rentz v. Swift Transp. Co., Inc., 185 F.R.D. 693, 697 (M.D. Ga. 1998).

Under the Federal Rules of Civil Procedure, a plaintiff is required to serve process "within 120 days after the complaint is filed." Fed.R.Civ.P. 4(m). The Complaint in this case was filed on May 28, 2010, and Defendants removed the case to this Court one month later, on June 28, 2010. Defendants Notice of Removal and subsequent Motion to Dismiss, which was filed on July 6, 2010, clearly asserted that service had not yet been perfected. District courts within this Circuit have found that the 120-day time limit for perfecting service under the Federal Rules of Civil Procedure would begin to run when is removed from state court. See Igbinigie, 2008 WL 4862597 at *3; see also e.g., Buckley v. Bayrock Mortg. Corp., 2010 WL 476673 *4 n.6 (N.D. Ga., February 5, 2010).

7

The 120 day time period for service thus would have expired in this case on October 26, 2010, and there is no indication that Plaintiffs perfected service under Rule 4(b) by that date. Here, however, the Court must also recognize that, because of Plaintiffs' failure to state their address on the summons as required by Georgia law, Plaintiffs did not have actual notice of Defendants' assertions until shortly after the Court mailed the Notice of Removal and Motion to Dismiss on August 10, 2010. Thus, arguably, the time for service may not have expired until December 11, 2010 (allowing three days for the documents to be mailed to Plaintiffs).

Regardless, Plaintiffs have already had a minimum of 120 days to serve process upon Defendants, and obviously, Plaintiffs have not even attempted to show the Court good cause for his failure to perfect service. See Fed.R.Civ.P. 4(m) (permitting the Court to "extend the time for service for an appropriate period" when the plaintiff demonstrates "good cause" for its failure to perfect service). Plaintiffs have yet to file anything with this Court.

Because Plaintiffs failed perfect service of process, this case must be dismissed without prejudice. Jackson, 259 F. App'x at 182-83; Fed.R.Civ.P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The Court's finding, *supra*, that the case may also be dismissed for failure to comply with the Court's Order under Rule 41 does not require a dismissal with prejudice. As discussed above, this Court is required to consider whether lesser sanction than dismissal with prejudice is appropriate and, in this case, the Court finds that dismissal without prejudice is sufficient sanction. While Plaintiffs' claims may arguably lack any merit, this Court lacks jurisdiction to consider the sufficiency of those claims and cannot grant dismissal with prejudice on that ground. See Pardazi, 896 F.2d at 1317.

For the foregoing reasons, therefore, Defendants' Motion to Dismiss [Doc. 2] is hereby

**GRANTED**, and Plaintiffs' claims are dismissed without prejudice.

SO ORDERED, this 21st day of December, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

jlr